# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| **Leslie Taylor,** ) | Case No. 0:16-cv-3596-TLW-PJG |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | |
| **Rebound Behavioral Health, LLC,** ) | **STIPULATED PROTECTIVE ORDER** |
| ) | |
| **Defendant.** ) | |
| ) | |

Whereas, each of the Parties to the above captioned action may seek discovery of documents, information or other materials which may contain or relate to confidential, proprietary or trade secret information of another party or of a third party;

Whereas, the Parties have in good faith conferred and have agreed upon the terms of a Protective Order and for good cause shown; therefore,

The Parties stipulate, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, subject to the approval of the Court, to the following Protective Order:

1.     This Protective Order shall govern certain designated information that is produced by any of the parties in this action, whether produced in response to formal or informal discovery requests or in compliance with the Federal Rules of Civil Procedure or produced voluntarily in support of any claim or defense in this action, including (but not limited to) such information contained in documents, interrogatory responses, testimony (whether at trial, at deposition or in a written declaration or affidavit), responses to requests for admission, initial disclosures, expert reports or other expert-related materials.

2.     Any of the parties may designate material or information disclosed or produced in this action as "Confidential" or as "Attorney's Eyes Only."

1

3.   Any of the parties producing Confidential or Attorney's Eyes Only material or information may designate such material or information by:

(a)   With regard to documents, responses to discovery requests and tangible objects, the producing party may affix (as by writing, stamping, labeling or the like) to the page or item containing or disclosing the confidential or attorneys-eyes-only information the term "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" as appropriate, or words to that effect; or by providing written notice to all other parties in the action, before or at the time of production of such materials, that adequately describes the materials in question and whether those materials should be treated as "confidential" or "attorney's eyes only."

(b)   With regard to information disclosed at a deposition, the producing party may designate such information as "confidential" or "attorneys' eyes only," as appropriate, by so indicating on the record at the deposition the testimony to which the designation applies; or by notifying the court reporter and all parties to this action, within thirty (30) calendar days of receipt of the deposition transcript, of the portions of the testimony that should be designated as "confidential" or "attorney's eyes only."  At the producing party's option, portions of a deposition transcript that have been designated as "confidential" or "attorney's eyes only" may be bound separately from the rest of the transcript and marked as such.  A producing party has the right, at the deposition, to have deposition testimony containing "confidential" or "attorney's eyes only" information heard only by those permitted under this Protective Order to have access to such information.

4.   Information designated as "confidential" or "attorney's eyes only" (including but not limited to summaries, abstracts, copies, indices and exhibits) shall be used solely for

purposes of this action and shall not be disclosed to anyone other than the persons permitted under this Protective Order.

5. The Parties shall abide by the confidentiality provisions set forth in the Health Insurance Portability and Accountability Act ("HIPAA") with respect to the disclosure of any protected health information by any Party or any other person. Protected health information may be designated "confidential." All materials produced, discovered or otherwise obtained during the course of this litigation containing protected health information shall be used solely for the purposes of this litigation in accordance with the terms of this Order.

6. Information designated as "attorney's eyes only" (including but not limited to summaries, abstracts, copies, indices and exhibits) shall not be made available and shall not be disclosed to anyone other than the following persons:

(a) Outside counsel of record working on this action on behalf of any party to this action, together with the assistants, secretaries, paralegals and/or other clerical personnel who are actively assisting such counsel in the preparation of this action;

(b) Court stenographers, court reporters and their staff; outside deposition video services and their staff, independent contractors and/or third parties engaged to record, transfer and/or store video depositions, provided they execute a Declaration of Compliance in the form and substance as that attached hereto as Exhibit A; outside copy services, translators and graphics or design services, retained or engaged by such outside counsel in connection with their preparation of this action, and only to the extent necessary for such persons to carry out their duties in connection with this action;

(c) Mock jurors, and jury or trial consulting services, retained or engaged by such outside counsel in connection with their preparation of this action, and only to the extent

necessary for such persons to carry out their duties in connection with this action, provided that such persons are furnished with a copy of this Protective Order and execute a Declaration of Compliance in the form and substance as that attached hereto as Exhibit A;

(d) Mediators who attempt to mediate this action (if any), together with their staff, provided the mediator is furnished with a copy of this Protective Order and executes a Declaration of Compliance in the form and substance as that attached hereto as Exhibit A;

(e) The Court and any person employed by the Court whose duties require access to "attorneys eyes only" information; and

(f) Outside experts and consultants retained, consulted or specifically employed by any counsel or party to this action in connection with the preparation, trial or appeal of this action, together with the employees and assistants thereof ("Retained Experts"), provided the provisions of Section 7 below are complied with.

7. Information designated as "confidential" (including but not limited to summaries, abstracts, copies, indices and exhibits) shall not be made available and shall not be disclosed to anyone other than the following persons:

(a) The persons described in Paragraph 6 above, under the same conditions, if any; and

(b) The parties (including officers, directors, and employees as representatives of the parties) to this lawsuit.

8. Retained Experts may not have access to "confidential" or "attorney's eyes only" material or information unless the Retained Expert is furnished with a copy of this Protective Order, executes a Declaration of Compliance in the form and substance as that attached hereto as Exhibit A.

9. The execution of a Declaration of Compliance, if required by this Protective Order, shall be the responsibility of the parties and counsel shall retain the original executed Declaration of Compliance. A Declaration of Compliance shall be made available to the Court and other parties to this action upon request or Court Order.

10. The restrictions and obligations of this Protective Order shall not apply to any information that (a) is public knowledge, (b) becomes public knowledge through no fault of any party to this protective order other than the producing party, or (c) comes into the possession of receiving parties through means other than the disclosure of such information in this action.

11. Notwithstanding the provisions of Sections 4, 5 and 6 above, those identified on the face of a document or otherwise (such as through testimony) as the author, drafter or addressee of the document, or identified as having authority to view the information contained therein, shall be permitted to view and have access to the particular document in question. In addition, those who have received a document or information before the commencement of this action shall be permitted to view and have access to the particular document or information. In addition, those who have received a document or information during the pendency of this action through means that are independent of this action and are not in violation of this Protective Order shall be permitted to view and have access to the particular document or information.

12. Materials designated as "confidential" or "attorney's eyes only" may be shown to deponents and otherwise used in depositions and at a trial or hearing in this matter, so long as such use complies with the restrictions of this Protective Order, or otherwise complies with an order of the Court. If the receiving party wishes to show a document designated as "confidential" or "attorney's eyes only" to a deponent who is not otherwise permitted by this Protective Order to view such document, the producing party may waive the restrictions placed

on the use of the document by this Protective Order for the limited purpose of allowing the particular deponent to view the particular document for only so long as necessary, and the producing party may condition such waiver on the execution by the deponent of a Declaration of Compliance in the form and substance as that attached hereto as Exhibit A. The producing party shall not unreasonably object to such disclosure.

13. Information produced in this action that has been designated as "confidential" or "attorney's eyes only", and the information derived therefrom (including excerpts, summaries, extracts, compilations and the like), shall be kept confidential by those who receive it, and it shall be maintained at a location and in a manner that ensures that access to the information will be limited to those persons entitled to have such access under this Protective Order. Notwithstanding the foregoing, the producing party shall be free to do whatever it desires with its own information; provided however, if the producing party makes the document publicly available without restriction, the producing party shall promptly notify the receiving party and the "Confidential" or "Attorney's Eyes Only" restriction shall be removed therefrom.

14. If a producing party, through inadvertence, provides any materials or information that should have been designated as "confidential" or "attorney's eyes only" but fails to designate them as such at the time of production, the producing party may designate such materials as "confidential" or "attorney's eyes only" by providing (a) written notice to all parties that received the materials or information of the inadvertent production and (b) substitute copies of the materials marked, as appropriate, CONFIDENTIAL or ATTORNEY'S EYES ONLY; or, in the case of deposition testimony, by causing the court reporter to re-issue transcripts designated in accordance with Section 3(b) above.

15. If a party desires to file materials designated as "confidential" or "attorney's eyes only" with a court or to disclose in a court filing information designated as "confidential" or "attorney's eyes only", the party shall take all steps required by the court to file the materials or filing under seal. The parties acknowledge that the decision to seal a document or filing is a matter for the court's discretion, and it shall not be a violation of this Protective Order if a court ultimately refuses to seal a document or filing, or later unseals a document or filing subject to this Protective Order.

16. This Protective Order shall remain in force and effect and shall continue to be binding on all parties to this Order and affected persons after the conclusion of this action. When this action is finally concluded (including any appeals), all parties who received materials designated as "confidential" or "attorney's eyes only" shall return such materials to the producing party or destroy such materials, within 45 days of the final conclusion of this action.

17. Should a party to this Protective Order be commanded or compelled to produce materials or information designated hereunder as "confidential" or "attorney's eyes only", as by subpoena, civil investigative demand or discovery request in a separate action or similar compulsory process that subjects the recipient to sanctions unless complied with, the party must (1) provide the producing party with written or electronic notice and a copy of the compulsory process; and (2) forebear, to the extent reasonably feasible, producing such materials or information for at least five (5) business days after the producing party's receipt of such written notice, interposing, if necessary, any reasonable objections, and providing, if necessary or prudent, a copy of this Protective Order to the person seeking to command or compel the materials or information, so that the producing party may have an opportunity to intervene to protect its interests.

18. If any of the parties believe that material or information that has been designated as "confidential" or "attorney's eyes only" should not have been so designated, that party may move to alter or remove the objectionable designation; provided, however, that counsel has first made a good-faith effort to resolve its objection with counsel for the producing party. In connection with any motion challenging the "confidential" or "attorney's eyes only" designation of material or information, the producing party shall have the burden of proof to support the confidential or attorney's eyes only nature of the material or information.

19. Neither the provisions of this Protective Order nor the filing of any materials under seal shall prevent the use of materials or information subject to this Protective Order in open court, whether at trial or at a hearing. If a producing party desires to restrict access to the information or materials in question when used in open court, that party must separately move the Court for an appropriate order.

20. Nothing in this Protective Order shall prevent or otherwise restrict any counsel from rendering advice to that counsel's client who is presently a party to this action, or from examining any witness, and in the course thereof, relying upon an examination of material or information subject to this Protective Order; provided, however, that in rendering such advice or examining the witness, the counsel shall not disclose the substance of such material or information to those not authorized hereunder to receive such material or information.

21. Nothing in this Protective Order shall prevent a party from seeking additional protection of its materials or information, or from seeking a modification of this Protective Order. This Protective Order is without prejudice to the rights of any party or non-party to seek such additional or other relief relating to discovery as may be appropriate.

22.     If a producing party inadvertently discloses materials or information protected by the attorney-client privilege, the attorney work product doctrine, or other privilege or immunity from discovery, the producing party may, within five (5) business days upon discovery of the inadvertent disclosure, so advise in writing all parties that received the materials or information, request that the materials or information be returned.  If such a request is made, no party receiving same shall thereafter assert that the inadvertent disclosure waived any privilege or immunity from discovery.  Further, any party receiving such request shall return, within five (5) business days of receipt of such request the materials and information so identified.

23.     If the producing party reasonably believes that a document requested contained in a "confidential" or "attorneys eyes only" document contains privileged, trade secret, or irrelevant information, the producing party may redact the contents of the document and provide a privilege, trade secret, or irrelevancy log.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 1, 2017
Columbia, South Carolina

9